IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TONI MOLINA, *et al.*,

    Plaintiffs,

v().    Civil Action No.: 8:16-cv-02214-JDW-TGW
**CLASS ACTION**

ACE HOMECARE, LLC,
BRL INVESTMENTS, LLC,
ARTHUR BARLAAN, and
JOCELYN BARLAAN

    Defendants.

_____/

### DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AND COURT-AUTHORIZED NOTICE PURSUANT TO 29 U.S.C. § 216(b)

Ace Homecare, LLC, BRL Investments, LLC, Arthur Barlaan, and Joy Barlaan (collectively "**Defendants**") oppose Plaintiffs' Motion for Conditional Certification and Court-Authorized Notice Pursuant to 29 U.S.C. § 216(b) [DE 34].

### Memorandum

The FLSA authorizes collective actions against employers for violations of the FLSA.[1] The Eleventh Circuit recommends that district courts use a two-stage process in deciding whether to certify a collective action under the FLSA. *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208 (11th Cir. 2001). The first stage is known as the "conditional certification" or "notice" stage. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233 (11th Cir. 2008). At the current state of these proceedings, the court may conditionally certify a putative class *IF* a plaintiff demonstrates a reasonable basis to believe that: (1) there are other employees who desire to opt-in; and (2) these other employees are "similarly situated" with respect to their job requirements and with regard to their pay provisions. *Reyes v. AT & T Corp.*, 801 F. Supp. 2d

---

[1] FLSA actions may be maintained "by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b).

1350 (S.D. Fla. 2011). The decision to conditionally certify a collective FLSA action lies within the sound discretion of the district court. *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208 (11th Cir.2001).

### Other Similarly Situated Employees who Desire to Opt-In and the Proposed Class Definition(s)

In determining whether employees are similarly situated, the court must consider whether the employees are similar with respect to their job requirements and their pay provisions. *Dybach v. State of Fla. Dept. of Corr.*, 942 F.2d 1562, 1567 (11th Cir. 1991).

Plaintiffs' Motion for Conditional Certification [DE 34] seeks conditional certification of two distinct FLSA classes: (1) putative class for all nurses that worked for Defendants within the last three years who believe they were not paid proper minimum wage compensation; and (2) a putative class for all other employees (other than nurses) who worked for Defendants within the last three years who believe they were not paid proper minimum wage compensation [DE 34 @ 3].

The Motion for Conditional Certification states that there are "three Plaintiffs [that] have consented to join this lawsuit, including Toni Molina-*Class Representative*, Lisa Shirley, *Opt-in Plaintiff*, [and] Debbie Burgess-*Opt-in Plaintiff*"[DE 34 @ 8-9]. This contention is rather confusing because there are seven named plaintiffs identified in the First Amended Complaint [DE 9].[2]

Plaintiffs' Motion for Conditional Certification is fundamentally flawed in that the proposed class definitions fail to exclude employees who are undeniably exempt from FLSA minimum wage protections. While acknowledging that complex factual determinations are generally not within the court's purview at the conditional certification stage, *Reyes v. AT & T Corp.*, 801 F. Supp. 2d 1350 (S.D. Fla. 2011), Plaintiffs are proposing conditional certification of

---

[2] Only five of the seven named Plaintiffs filed Consents to join their own collective action.

a putative FLSA class which is comprised largely of employees exempt from minimum wage protection under the FLSA (i.e., nurses). In addition, Plaintiffs' second putative FLSA class includes every single employee (other than nurses) for a company that at its peak had over 500 employees and contractors.[3]

The second putative class includes everyone from senior executives to part-time maintenance staff.[4] Even applying the lenient standard used for conditional certification, it is hard to envision a scenario in which the class representative, Toni Molina (a home-healthcare nurse), is "similarly situated" to a senior executive or an accounting clerk with respect to his job requirements and pay provisions. *White v. SLM Staffing LLC*, 2016 WL 4382777 (M.D. Fla. Aug. 17, 2016) (though the Eleventh Circuit has not precisely defined "similarly situated", it has directed courts to focus primarily on job requirements and pay provisions).

Plaintiffs also claim that they are similarly situated because *inter alia,* they all "worked at the same location for Defendant" [DE 34 @ 9]. However, the proposed class definitions are not limited to employees who worked at the Avon Park facility. In addition, Plaintiffs fail to identify any evidence regarding the similarity of their pay provisions (e.g., salaried versus hourly).

Proposed Notice

Section 2 of the proposed "Notice of Lawsuit" [DE 34-4] states: "Plaintiffs assert that Defendants failed to pay them minimum wage in violation of the FLSA. Further, Plaintiffs allege that Defendants failed to compensate them for February 29, 2016 until March 13, 2016." This statement is misleading. It gives the putative class member the impression that, by joining the FLSA collective action, the putative class member could receive the total amount of unpaid wages from February 29, 2016 - March 13, 2016.

---

[3] Declaration of Joy Barlaan [DE 33-8].
[4] This putative class also fails to exclude individuals exempt from FLSA minimum wage protection (executive exemption, administrative exemption, professional exemption, etc.)

Plaintiffs also request that the Notice be posted at Ace Homecare's offices. This is not possible. When Medicare suspended all reimbursement payments, Ace Homecare was unable to make the monthly lease payments for their Florida offices and the properties were turned over to the landlords. Accordingly, Ace cannot post notices at its former offices because it no longer has the right to do so.

### Notice based on Three-Year Statute of Limitations

Plaintiffs are correct that the typical two-year statute of limitations in FLSA actions can be extended in cases involving "willful violations". *Allen v. Bd. of Pub. Educ. for Bibb County*, 495 F.3d 1306 (11th Cir. 2007). Although Defendants vehemently dispute that this case involves "willful violations", the Court need not consider the issue. Plaintiffs' claims under the FLSA (and those of the putative class members) are limited to minimum wage claims for work performed in February-March 2016. Plaintiffs do not allege or even suggest that the scope of the FLSA claims extend beyond February-March 2016. Accordingly, extending the statute of limitations will only cause the parties to incur unnecessary fees and costs associated with notifying former employees who do not have cognizable claims against Defendants under the FLSA. Defendants propose that the Notice be issued, if at all, to employees of the Avon Park facility[5] who were employed by Ace Homecare as of February 1, 2016.

### Limited Discovery of Contact Information

Plaintiffs request that Defendants produce to Plaintiffs the names, addresses and email addresses of the putative FLSA class members. Defendants do not object to this request as long as, for the reasons set forth above, the discovery is limited to the employees of the Avon Park facility who were employed as of February 1, 2016.

---

[5] The Avon Park facility is also known as the "Sebring facility".

WHEREFORE, this Court should deny Plaintiffs' Motion for Condition Certification and award to Defendants any further relief the Court deems just and proper under the circumstances.

*/s/ Blake J. Fredrickson*
Stanford R. Solomon
ssolomon@solomonlaw.com
Florida Bar No. 302147
Blake J. Fredrickson
bfredrickson@solomonlaw.com
Florida Bar No. 91086
**THE SOLOMON LAW GROUP, P.A.**
1881 West Kennedy Boulevard
Tampa, Florida 33606-1611
(813) 225-1818 (Tel)
(813) 225-1050 (Fax)
Attorneys for Defendants

**Certificate of Service**

I hereby certify that a copy of the foregoing has been furnished via electronic service mail to Chad A. Justice [Email: chadjustice@blackrocklaw.com; litigation@blackrocklaw.com] and Louis A. Cabassa [Email lcabassa@wfclaw.com; bhill@wfclaw.com; jriley@wfclaw.com] on March 7, 2017.

*/s/ Blake J. Fredrickson*
Stanford R. Solomon
ssolomon@solomonlaw.com
Florida Bar No. 302147
Blake J. Fredrickson
bfredrickson@solomonlaw.com
Florida Bar No. 91086
**THE SOLOMON LAW GROUP, P.A.**
1881 West Kennedy Boulevard
Tampa, Florida 33606-1611
(813) 225-1818 (Tel)
(813) 225-1050 (Fax)
Attorneys for Defendants