## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**TONI MOLINA,** *et al.,*

     **Plaintiffs,**

v.                          **Case No: 8:16-CV-2214-T-27TGW**

**ACE HOMECARE LLC, BRL
INVESTMENTS, LLC, ARTHUR
BARLAAN and JOCELYN BARLAAN,**

     **Defendants.**

_____/

### ORDER

    **BEFORE THE COURT** are Plaintiffs' Motion for Conditional Certification and Court-Authorized Notice Pursuant to 29 U.S.C. § 216(b) (Dkt. 34), and Defendants' response (Dkt. 46). Upon consideration, the motion is GRANTED.

## I.     BACKGROUND

    Defendant Ace Homecare was a home health agency that had several locations in the State of Florida and employed hundreds of employees. The seven named plaintiffs were employed by Ace Homecare at its Sebring, Florida location (also referred to as the Avon Park facility) until their termination when all of Ace Homecare's facilities were shut down. Six were employed as nurses and one as a home health aid. (*See* Plaintiffs' Declarations, Dkts. 25-29). During the last two weeks of Plaintiffs' employment, from February 29, 2016 to March 13, 2016, Plaintiffs and the purported similarly situated employees received no compensation. Plaintiffs seek conditional certification of a FLSA collective action and judicial notice to two putative classes of employees who were allegedly denied minimum wage pay while working for Ace Homecare during the last three years. The first

proposed putative FLSA class includes "[a]ll nurses who worked for Defendants within the last three years" and the second proposed putative class includes "[a]ll other employees who worked for Defendants within the last three years." (Dkt. 34 at 3).

## II.   STANDARD

Pursuant to 29 U.S.C. § 216(b), certification of collective actions in FLSA cases is based on a theory of judicial economy, by which "[t]he judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989). Courts utilize a two-tiered approach in making collective action certification determinations under the FLSA:

> The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision – usually based only on the pleadings and any affidavits which have been submitted – whether notice of the action should be given to potential class members. Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.
>
> The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question.

*Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001); *see also Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1243 n.2 (11th Cir. 2003).

At the notice stage, the court must initially determine: 1) whether there are other employees who desire to opt in to the action; and 2) whether the employees who desire to opt in are "similarly situated." *Dybach v. State of Fla. Dep't of Corrs.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991). This

2

determination is made using a fairly lenient standard. *Cameron-Grant*, 347 F.3d at 1243 n.2. However, the plaintiff must offer "detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary." *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996) (internal quotations and citation omitted). Ultimately, the court must satisfy itself that there are other employees who are similarly situated and who desire to opt in. *Dybach*, 942 F.2d at 1567-68.

## III.   DISCUSSION

### A.   *Other Opt-in Plaintiffs*

"[P]laintiffs have the burden of demonstrating a reasonable basis for crediting their assertions that aggrieved individuals exist[] in the broad class that they proposed." *Haynes v. Singer Co., Inc.*, 696 F.2d 884, 887 (11th Cir. 1983). Evidence of other employees who desire to opt in may be based on affidavits, consents to join the lawsuit, or expert evidence on the existence of other similarly-situated employees. *Davis v. Charoen Pokphand (USA), Inc.*, 303 F. Supp. 2d. 1272, 1277 (M.D. Ala. 2004).

In support of their argument that there are other employees who desire to opt in to this action, the seven Plaintiffs have submitted declarations in which they attest that they, "along with hundreds of other people, [were] terminated as part of a mass shutdown by Defendant." (*See, e.g.*, Dkt. 29 ¶ 8, 10). As such, Plaintiffs have demonstrated a reasonable basis for crediting the assertion that other aggrieved employees exist in the classes they propose. *See Haynes*, 696 F.2d at 887; *see also Bell v. Mynt Entm't, LLC*, 223 F.R.D. 680, 683 (S.D. Fla. 2004) (affidavits from seven plaintiffs indicating others desired to opt in and detailing allegations of wage violations were sufficient); *Harper v. Lovett's Buffet, Inc.*, 185 F.R.D. 358, 362-63 (M.D. Ala. 1999) (fifteen affidavits by

3

employees with specific allegations of wage violations were sufficient).

### B.    *Similarly Situated Employees*

Defendants contend that the proposed classes are not similarly situated because the proposed class definitions fail to exclude employees who are exempt from FLSA minimum wage protections and are not limited to employees who worked at the Avon Park facility.

In determining whether employees are similarly situated, the court must consider whether the employees are similar with respect to their job requirements and pay provisions and the commonality of their claims. *Dybach*, 942 F.2d at 1567-68. Plaintiffs must only demonstrate that their positions are similar, not identical, to the positions of the potential class plaintiffs. *Grayson*, 79 F.3d at 1096. While "a unified policy, plan, or scheme of discrimination may not be required to satisfy the more liberal 'similarly situated' requirement of § 216(b)," it is one way to demonstrate similarity. *See Grayson*, 79 F.3d at 1095.

The seven declarations submitted by Plaintiffs in this case each state that during the last two weeks of their employment, February 29, 2016 to March 13, 2016, they received no compensation whatsoever, and that hundreds of other employees were terminated as part of Defendants' mass facility shutdowns.

Plaintiffs' proposed class definitions meet the lenient notice stage standard that there are similarly situated employees who desire to opt in who were subjected to a common policy that allegedly violated the FLSA. Plaintiffs, along with hundreds of other employees, were terminated and not paid for the last two weeks of their employment. Defendants' exemption argument is more properly addressed after discovery is completed. *See Morgan*, 551 F.3d at 1261–62 (courts should consider at the second stage "the various defenses available to defendant[s] [that] appear to be

4

individual to each plaintiff.").

In sum, Plaintiffs have satisfied the lenient burden of demonstrating that there are similarly situated individuals who have suffered a pattern and practice of FLSA violations sufficient to warrant conditional certification of a collective action in this case. However, neither the Complaint nor the Plaintiffs's affidavits sufficiently demonstrate that the scope of the alleged FLSA violations extends beyond the two-week period of non-pay. Indeed, none of the declarations include any suggestion that Plaintiffs were not paid minimum wage at any time other than during the last two weeks of their employment. The conditional classes will therefore be limited to minimum wage claims for work performed from February 29, 2016 to March 13, 2016.[1]

### C.     Notice

The conditional classes are defined as:

**Nurse Putative FLSA Minimum Wage Putative Class:**
**All nurses employed by ACE Homecare, LLC who were not paid minimum wage between February 29, 2016 to March 13, 2016.**

**Non-nurse Putative FLSA Minimum Wage Putative Class:**
**All other employees employed by ACE Homecare, LLC who were not paid minimum wage between February 29, 2016 to March 13, 2016.**

Plaintiffs' counsel shall confer with defense counsel regarding the form of the notice. After consulting with defense counsel, Plaintiffs' counsel shall file a motion for approval of the revised proposed notice within fifteen (15) days of the date of this Order, noting any objections to the proposed notice which have not been resolved by the parties.  In order to facilitate notice, within

---

[1] Defendants request that the class also be limited to the Avon Park facility, but do not suggest that the terminated employees who worked at other facilities were not also subject to the alleged pay practices. Nor do they submit any opposing affidavits to dispute that Ace Homecare's employees were not compensated between February 29, 2016 to March 13, 2016.

thirty (30) days from the date of this Order, Defendant shall provide Plaintiffs' counsel with the names and last known addresses of all employees who fall within the conditional class definition. Plaintiffs' counsel shall be responsible for sending the notice to all potential class members by first class mail within thirty (30) days of receipt of the information from Defendant.  All opt in class members must return the consent form to Plaintiffs' counsel with a postmark date not later than sixty (60) days after notice is provided.  Plaintiffs' counsel shall furnish copies of all consents received to defense counsel and maintain the originals. Plaintiffs' counsel shall file one pleading identifying each opt in class member and their address within ten (10) days of the expiration of the 60 day opt in deadline.

## IV.    CONCLUSION

Accordingly, Plaintiffs' Motion for Conditional Certification and Court-Authorized Notice Pursuant to 29 U.S.C. § 216(b) (Dkt. 34) is **GRANTED** as set forth herein.

**DONE AND ORDERED** this __21__ day of August, 2017.

_____
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record

6