UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TONI MOLINA, *et al.*,

    **Plaintiffs,**

v.                                  Case No: 8:16-CV-2214-T-27TGW

ACE HOMECARE LLC, BRL
INVESTMENTS, LLC, ARTHUR
BARLAAN and JOCELYN BARLAAN,

    **Defendants.**
_____/

## ORDER

**BEFORE THE COURT** are Plaintiffs' Rule 23 Motion for Class Certification As To Warn Act Claims and Common Law Unpaid Wage Claims (Dkt. 25), Defendants' response (Dkt. 33), and Plaintiffs' Notice of Voluntary Withdraw of Plaintiffs' Rule 23 Motion for Class Certification as to Common Law Unpaid Wage Claims Only (Dkt. 66). A hearing on the motion was held on September 15, 2016. For the reasons stated on the record, the Motion is **GRANTED in part** and Plaintiffs' WARN Act Class is certified.

**I.    BACKGROUND**

Defendant Ace Homecare was a home health agency that had several locations in the State of Florida and employed hundreds of employees. The seven named plaintiffs were employed by Ace Homecare at its Sebring, Florida location (also referred to as the Avon Park facility) until their termination when all of Ace Homecare's facilities were shut down. Six were employed as nurses and one as a home health aid. (*See* Plaintiffs' Declarations, Dkts. 25-29). According to the Complaint, during the last two weeks of Plaintiffs' employment, from February 29, 2016 to March 13, 2016,

Plaintiffs and the purported similarly situated employees received no compensation and were terminated without at least 60 days' advance notice in violation of the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. ("WARN Act").

Plaintiffs initially sought certification of two classes:

**WARN Act Class:**

Any employee of ACE HOMECARE, LLC in Florida who was not given a minimum of 60 days' written notice of termination and whose employment was terminated as a result of a "mass layoff" or "plant closing" as defined in CFR 639.3 and regulated by federal statute as codified under 29 U.S.C. §2101 under the Workers Adjustment and Retraining Notification Act of 1988. The class excludes "part-time" employees as defined under 29 U.S.C. §2101(a)(8).

**Unpaid Common Law Wages Class:**

Any employee of ACE HOMECARE, LLC in Florida who worked but was not paid all wages owed for the time period from February 29, 2016 to March 13, 2016. This class seeks to recover the difference between Florida's minimum wage and each putative members' salary and/or hourly wage.

Plaintiffs request that Plaintiff Toni Molina be appointed as class representative, and the law firm Wenzel, Fenton, Cabassa, P.A. and Black Rock Trial Group be appointed as class counsel.[1] Defendants do not contest Plaintiffs' motion with respect to the WARN Act Class.[2] And, Plaintiffs have withdrawn their request for class certification of the Unpaid Common Law Wages Class. (Dkt. 66).

## II. CLASS CERTIFICATION STANDARD

"The class action is 'an exception to the usual rule that litigation is conducted by and on

---

[1] Attorneys Brandon Hill of Wenzel, Fenton, Cabassa, P.A. and attorney Chad Justice of Black Rock Trial Group filed affidavits demonstrating their requisite experience to serve as class counsel. (Dkts. 25-6 & 68).

[2] During the hearing, Defendants argued for the first time that Plaintiffs' claims for health insurance benefits damages make class certification problematic.

2

behalf of the individual named parties only.' " *Wal–Mart Stores, Inc. v. Dukes*, —— U.S. ——, ——, 131 S.Ct. 2541, 2550, 180 L.Ed.2d 374 (2011) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700–01, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979)). Accordingly, the burden of establishing the propriety of class certification rests with the advocate of the class. *Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181, 1187 (11th Cir. 2003); *Jones v. Diamond*, 519 F.2d 1090, 1099 (5th Cir.1975).

A class may be certified only if (1) the class is so numerous that joinder of all members would be impracticable; (2) there are questions of fact and law common to the class; (3) the claims of the representatives are typical of the claims of the unnamed members; and (4) the named representatives will be able to represent the interests of the class adequately and fairly. Fed. R. Civ. P. 23(a). These prerequisites to class certification are referred to as "numerosity, commonality, typicality, and adequacy of representation," and are "designed to limit class claims to those fairly encompassed by the named plaintiffs' individual claims." *Prado–Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1278 (11th Cir. 2000).

In addition to the requirements of Rule 23(a), at least one of the three alternative subsections of Rule 23(b) must be satisfied to certify a class. *Babineau v. Fed. Express Corp.*, 576 F.3d 1183, 1190 (11th Cir. 2009). Plaintiffs seek certification under Rule 23(b)(3), which requires them to demonstrate (1) that questions of law or fact common to class members predominate over any questions affecting only individual members, and (2) that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. *Id.* Failure to establish any of the required elements of Rule 23(a) or Rule 23(b)(3) precludes class certification. *Valley Drug*, 350 F.3d at 1188 (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615–18, 117 S.Ct. 2231, 138 L.Ed.2d

3

689 (1997)).

Evidentiary proof is required to show compliance with Rule 23. *Comcast Corp. v. Behrend,* — U.S. —, —, 133 S.Ct. 1426, 1432, 185 L.Ed.2d 515 (2013) (quoting *Dukes*, 131 S.Ct. at 2551–52). The party seeking class certification must prove compliance by a preponderance of the evidence. *See Messner v. Northshore Univ. Health Sys.,* 669 F.3d 802, 811 (7th Cir. 2012); *In re Hydrogen Peroxide Antitrust Litig.,* 552 F.3d 305, 320 (3d Cir. 2009); *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.,* 546 F.3d 196, 202 (2d Cir. 2008). Even where the parties have not contested an element of Rule 23, "a court nevertheless has the responsibility of conducting its own inquiry as to whether the requirements of Rule 23 have been satisfied in a particular case." *Valley Drug,* 350 F.3d at 1188.

### III. DISCUSSION

As to the WARN Act Class, class certification is appropriate. All of the potential class members (at least four hundred) were terminated in April 2016 without notice, pay, and other employee benefits as part of plant shutdowns. Plaintiffs were entitled to receive appropriate notice under the WARN Act and did not. And Defendants make no argument to the contrary. I find therefore that the class is so numerous that joinder of all members would be impracticable, there are questions of fact and law common to the class, the claims of the representative is typical of the claims of the unnamed members, and the named representative will be able to represent the interests of the class adequately and fairly. Questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

For these reasons, and for the reasons stated on the record, the WARN Act class will be

certified.

## IV. CONCLUSION

Accordingly, Plaintiffs' Rule 23 Motion for Class Certification As To Warn Act Claims and Common Law Unpaid Wage Claims (Dkt. 25) is **GRANTED in part** to the extent their Warn Act Claims are certified as a class and defined as:

**WARN Act Class:**

> Any employee of ACE HOMECARE, LLC in Florida who was not given a minimum of 60 days' written notice of termination and whose employment was terminated as a result of a "mass layoff" or "plant closing" as defined in CFR 639.3 and regulated by federal statute as codified under 29 U.S.C. §2101 under the Workers Adjustment and Retraining Notification Act of 1988. The class excludes "part-time" employees as defined under 29 U.S.C. §2101(a)(8).

Plaintiff Toni Molina is appointed as class representative, and the law firm Wenzel, Fenton, Cabassa, P.A. and Black Rock Trial Group are appointed as class counsel.

**DONE AND ORDERED** this 18th day of September, 2017.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record