UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TONI MOLINA, *et al.*,

    Plaintiffs,

v.	Case No: 8:16-CV-2214-T-27TGW

ACE HOMECARE LLC, BRL
INVESTMENTS, LLC, ARTHUR
BARLAAN and JOCELYN BARLAAN,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** are Plaintiffs' Motion for Summary Judgment Against Individual Defendants Arthur Barlaan and Jocelyn Barlaan (Dkt. 55), and Defendants' response (Dkt. 71). Upon consideration, the motion is GRANTED in part and DENIED in part.

**I.	BACKGROUND**

Defendant Ace Homecare was a home health agency that had several locations in the State of Florida and employed hundreds of employees. The seven named plaintiffs were employed by Ace Homecare at its Sebring, Florida location (also referred to as the Avon Park facility) until their termination when all of Ace Homecare's facilities were shut down. Six were employed as nurses and one as a home health aid. (*See* Plaintiffs' Declarations, Dkts. 25-29). During the last two weeks of Plaintiffs' employment, from February 29, 2016 to March 13, 2016, Plaintiffs and the purported similarly situated employees received no compensation and were terminated without at least 60 days' advance notice. Plaintiffs allege violations of the Fair Labor Standards Act and the Worker

Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. ("WARN Act").[1]

## II. STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A genuine factual dispute exists only if a reasonable fact-finder 'could find by a preponderance of the evidence that the [non-movant] is entitled to a verdict.'" *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1300 (11th Cir. 2012) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). A fact is material if it may affect the outcome of the suit under governing law. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). All facts are viewed and all reasonable inferences are drawn in the light most favorable to the non-moving party. *See Scott v. Harris*, 550 U.S. 372, 380 (2007).

The moving party bears the initial burden of showing that there are no genuine disputes of material fact. *Hickson Corp. v. Northern Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir. 2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Once the moving party demonstrates the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories, and admissions on file to designate facts showing a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324. The Court will not weigh the evidence or make findings of fact. *Morrison v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir. 2003). Rather, the Court's role is limited to deciding whether there is sufficient evidence upon which a reasonable juror could find for the non-moving party. *See id.*

---

[1] Conditional certification of two FLSA classes has been granted and Plaintiffs' WARN Act claims were certified as a class. (Dkts. 54 & 70).

## III. DISCUSSION

Plaintiffs contend they are entitled to summary judgment as to liability, liquidated damages, and attorneys' fees and costs against individual defendants Arthur and Jocelyn Barlaan.

### A. The Barlaans' Individual Liability

Plaintiffs contend that it is undisputed that Arthur and Jocelyn Barlaan exercised operational control over Ace Homecare and its employees making them jointly and severally liable as employers under the FLSA.

The FLSA broadly defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). "Whether an individual falls within this definition does not depend on technical or isolated factors but rather on the circumstances of the whole activity." *Alvarez Perez v. Sanford–Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160 (11th Cir. 2008) (citations omitted). And, the Eleventh Circuit has recognized that "'the overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages.'" *Id.* (quoting *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986)). To qualify as an "employer" subject to liability, the officer "must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." *Id.* The focus is on the role the officer actually played in the company, rather than on the role he or she could have played. *Id.* at 1161.

Defendants contend that they did not supervise or deal directly with Plaintiffs, had no involvement with Plaintiffs' day-to-day tasks or schedules, and worked in the corporate office in Tampa. However, the undisputed facts demonstrate otherwise.

3

It is undisputed that the Barlaans were co-owners and corporate officers of Ace Homecare. Arthur Barlaan was the Chief Information Officer and Treasurer. The IT director and billing/payoll director reported to him. He was responsible for the billing and claims processing, provided management with daily, weekly, and monthly reports "to provide their day-to-day operations," was in charge of supporting the scheduling software, was the signatory on the bank account, and was in charge of monitoring and disbursing payroll. (Arthur Barlaan Dep., Dkt. 57 at 11:12-13:9, 63:1-64:11, 65:5-20). Arthur Barlaan admitted that he had the authority to hire and fire employees under his supervision and that he and his wife, Jocelyn, were typically at the corporate office in Tampa everyday. (Arthur Barlaan Dep. at 42:3-43:2, 64:12-18; Jocelyn Barlaan Dep., Dkt. 56 at 8:2-11).

Jocelyn Barlaan was the Chief Executive Officer to whom administrators and managers reported. (Jocelyn Barlaan Dep. at 8:12-14). She conducted monthly manager meetings and had the authority to enter into contracts on behalf of Ace Homecare. She also admitted that she had the authority to hire and fire employees that reported to her and that she and Arthur Barlaan were part of the "governing body," comprised of four individuals who reviewed and approved compensation rates. (*Id.* at 28:22-29:24). It is also undisputed that the Barlaans, as part of "senior management," were involved in the decision to terminate Ace Homecare's employees and not pay them for their last two weeks of employment after the Centers for Medicare & Medicaid Services suspended Medicare reimbursements to Ace Homecare. (*See* Dkt. 71 ¶¶ 4, 11-15; Jocelyn Barlaan Dep. at 41:17-24). Jocelyn Barlaan sent a letter to Ace Homecare employees in March 2016 advising them that Ace Homecare would be unable to meet payroll for the last two weeks of Ace Homecare's operation. (Jocelyn Barlaan Dep. at 16:17-25).

Based on these undisputed facts, there is no genuine dispute that the Barlaans exercised

control over "significant aspects of [the company's] day-to-day functions, including compensation of employees or other matters in relation to an employee." *Alvarez Perez*, 515 F.3d at 1160 (quoting *Wargo*, 803 F.2d at 638). When considered with their substantial ownership interests, it is reasonable to infer that the Barlaans had sufficient control over Ace Homecare's financial affairs to "cause the corporation to compensate (or not to compensate) employees in accordance with the FLSA." *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1313 (11th Cir. 2013) (quoting *Staffing, Inc. v. Herman*, 163 F.3d 668, 677 (1st Cir.1998)).

As discussed, corporate owners may be deemed FLSA employers if they were "involved in the business operations of the corporation" and "controlled the purse strings of the corporation." *See Alvarez Perez*, 515 F.3d at 1161–62. The "relevant control for purposes of individual liability is control in relation to the employee-plaintiff." However, this control need not be proved directly. Rather, the requisite control may be inferred from "the exercise of general supervisory powers or the exercise of control over other employees." *Lamonica*, 711 F.3d at 1313. And, the individual need only be involved in day-to-day operations on an intermittent or occasional basis. *Id.* ("[W]hile control need not be continuous, it must be both substantial and related to the company's FLSA obligations."). The undisputed facts meet this "substantial and related to" test.

Defendants do not respond to the remainder of Plaintiffs' motion or otherwise dispute FLSA enterprise coverage[2] or that they failed to pay Plaintiffs minimum wage as required by the FLSA.[3]

---

[2] "An employer falls under the enterprise coverage section of the FLSA if it 1) 'has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person' and 2) has at least $500,000 of 'annual gross volume of sales made or business done.'" *Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217, 1220 (11th Cir. 2010) (citing 29 U.S.C. § 203(s)(1)(A)).

[3] Section 6(a) of the FLSA mandates that a covered employer pay "each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise

Accordingly, summary judgment in favor of Plaintiffs as to the Barlaans' individual liability for FLSA violations will be granted.

### B. Liquidated Damages

Under the FLSA, liquidated damages in an amount equal to actual damages must generally be awarded. The FLSA provides: "Any employer who violates the provisions of [the FLSA] . . . shall be liable to the . . . employees affected in the amount of their . . . unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). The Portal to Portal Act, 29 U.S.C. §§ 251–62, which amended the FLSA, provides a safe harbor for an employer who can establish that it acted in good faith and under the reasonable belief that it was in compliance with the FLSA. *Id.* § 260. Although a district court retains the discretion to withhold liquidated damages, the employer who violates FLSA carries the burden of proving entitlement to the safe harbor. *Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir.1987). To satisfy the good faith requirement, the employer must show that it acted with both objective and subjective good faith. *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1272 (11th Cir. 2008).

The Barlaans present no evidence to demonstrate that their violation of the FLSA was made in good faith. They admit that they decided to suspend payroll in order to apply the limited funds elsewhere. (Dkt. 71 at p. 3, ¶¶ 12-14). Although they contend there is a genuine issue of material fact as to whether they acted in good faith in this regard, no evidence or authority supports that contention, for purposes of the FLSA.

Accordingly, summary judgment will be granted in favor of Plaintiffs on their claim for

---

engaged in commerce or in the production of goods for commerce" the federally mandated minimum wage for each hour worked in any given work week. 29 U.S.C. 206(a).

6

liquidated damages against Arthur and Jocelyn Barlaan.

## IV.   CONCLUSION

Plaintiffs' Motion for Summary Judgment Against Individual Defendants Arthur Barlaan and Jocelyn Barlaan (Dkt. 55) is **GRANTED** *in part*. Summary judgment is entered in favor of Plaintiffs and against Arthur Barlaan and Joyce Barlaan as to liability on Plaintiffs' FLSA claim. Compensatory damages will be determined at trial. Summary judgment as to liquidated damages is entered in favor of Plaintiffs and against Arthur Barlaan and Joyce Barlaan.

Plaintiffs' request for a determination of entitlement to attorneys' fees and costs is premature. That motion is **DENIED** *without prejudice*.

**DONE AND ORDERED** this 5th day of December, 2017.

/s/ JAMES D. WHITTEMORE
JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record