# Exhibit B

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TONI MOLINA, *et al.*,
on behalf of themselves and
all others similarly situated,

    Plaintiffs,

v.                                        CASE NO.: 8:16-cv-02214-JDW-TGW

ACE HOMECARE, LLC,
BRL INVESTMENTS, LLC,
ARTHUR BARLAAN, and
JOCELYN BARLAAN,

    Defendants.
_____/

## THE WARN ACT SETTLMENT AGREEMENT

### INTRODUCTION

This settlement agreement (the "Settlement Agreement" or "Agreement") is made and entered into by and between Named Plaintiff, TONI MOLINA, ("Named Plaintiff"), individually and on behalf of all WARN Act class members ("Class Members") (collectively, "Plaintiffs"), by and through their counsel of record, and Defendants ACE HOMECARE, LLC and BRL Investments, LLC ("Defendants"). This Settlement Agreement shall be binding on: (1) the Named Plaintiff and the 398 Class Members; and (2) Defendants, subject to the terms and conditions hereof conditioned upon the entry by the Court of a Final Order approving the Settlement Agreement.[1]

This Settlement Agreement is made as a compromise between the Named Plaintiff and Class Members (each a "Plaintiff" and together as "Plaintiffs") and Defendants (collectively "the

---

[1] The Parties have also resolved the FLSA claims and have entered into a separate stipulated settlement for the full amount of the claims.

Parties"), who intend for this Settlement Agreement to resolve, discharge, and settle the Released Claims, fully, finally and forever, according to the terms and conditions set forth below.

**I.    RECITALS**

1. WHEREAS, these recitals are an integral part of this Settlement Agreement.

2. WHEREAS, on August 1, 2016, Named Plaintiff filed a putative class action Complaint in the U.S. District Court for the Middle District of Florida entitled *Molina, et al., v. Ace Homecare, LLC*, No. 8:16-cv-02214-JDW-TGW (the "Action").

3. WHEREAS, Named Plaintiff, on behalf of herself and those alleged to be similarly situated, assert a cause of action related to events surrounding their 2016 separation from Defendants, including alleged violation of the Work Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 *et seq.* ("WARN Act").

4. WHEREAS, the Court granted class certification as to the WARN Act claims on September 18, 2017 pursuant to Rule 23 of the Federal Rules of Civil Procedure. The Class Members consist of the Named Plaintiff and former employees of Defendants qualifying under the Class Definition as fully defined below who were employed by Defendants as of their separation in March 2016.

5. WHEREAS, at all times, Wenzel Fenton Cabassa, P.A. and Black Rock Trial Lawyers LLC have been counsel of record for Plaintiffs. Plaintiffs' Counsel has conducted a thorough investigation into the facts of this Action, including a review of relevant documents and has diligently pursued an investigation of Plaintiffs' claims against Defendants. Based on its own independent investigation and evaluation, Plaintiffs' Counsel is of the opinion that the Agreement with Defendants for the consideration and on the terms set forth in this Settlement Agreement is fair, reasonable, and adequate and is in the best interest of the Plaintiffs in light of

all known facts and circumstances, including the risk of significant delay and the defenses asserted by Defendant.

6. WHEREAS, Counsel for the Parties have vigorously pursued their positions and the rights of their clients through extended legal and factual analysis, exchange of information through discovery, and settlement discussions in an effort to accomplish a compromise and settlement of the claims asserted in the Action.

7. WHEREAS, Named Plaintiff and the Defendants believe it is in their best interests to resolve this Action at this time.

8. WHEREAS, Defendants wish to avoid the expense, burden, diversion, and risk of protracted and complex litigation and wish to resolve this Action.

9. WHEREAS, should the Settlement Agreement not become final for any reason, nothing from the settlement process, including documents created or obtained from the settlement process and settlement administration, shall be admissible evidence in this Action or used in any way contrary to the Defendants' or Plaintiffs' interests.

**II.   DEFINITIONS**

10. Definitions. As used in all parts of this Settlement Agreement (including exhibits which are part of the Settlement Agreement), the following terms have the meanings specified below:

   a. "Approval Hearing" means the hearing, if any, at which the Court will approve the Settlement Agreement and make such other final rulings as are contemplated by this Settlement Agreement. Such date shall not be less than ninety (90) days following Defendants' mailing of notice to appropriate state and federal officials in accordance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715(b).

b. "CAFA NOTICE" refers to the notice to be sent by Defendants to appropriate federal and state officials pursuant to the requirements of the CAFA.

c. "Claim" means a properly completed and timely submitted Claim Form from a Class Member to the Claims Administrator.

d. The "Claims Administrator" is Plaintiffs' counsel.

e. "Class Members" means all persons who meet the class definition, did not opt out of this action during the initial notice phase, and shall be limited only to:

> Any employee of ACE HOMECARE, LLC in Florida who was not given a minimum of 60 days' written notice of termination and whose employment was terminated as a result of a "mass layoff" or "plant closing" as defined in CFR 639.3 and regulated by federal statute as codified under 29 U.S.C. §2101 under the Workers Adjustment and Retraining Notification Act of 1988. The class excludes "part-time" employees as defined under 29 U.S.C. §2101(a)(8).

f. "Class Members" means all persons who meet the class definition, as provided herein, who are listed on Exhibit A to this Settlement Agreement, and shall be limited only to:

g. "Class Representative" or "Named Plaintiff" means Named Plaintiff TONI MOLINA.

h. "Court" means the court having jurisdiction over this Action, at any stage, presently the U.S. District Court for the Middle District of Florida.

i. "Defendants" means ACE HOMECARE, LLC and BRL Investments, LLC.

j. "Defendants Counsel" means The Solomon Law Group, P.A. and any attorney(s) designated by that firm as necessary to assist in the representation of the Defendants in this Settlement Agreement.

k. "Effective Date" means the first business day after the last day of the period for appeal of the Final Order approving the Settlement Agreement and entry of Final Judgment, or if an appeal has been filed, the date on which the appeal is final and not subject to further appeal.. Notwithstanding the foregoing, where the Final Order entered by the Court grants the relief sought by the Parties, if no objection has been filed by any class member, the Effective Date shall be the date of the Final Order.

l. "Final Order" means the order entered by the Court at or following the Approval Hearing, if any.

m. "Notice of Proposed Settlement" means the document attached hereto as part of Exhibit B-2 which will be sent to the Class Members to inform them of the terms of this Settlement Agreement and their rights and options related thereto, as provided herein. The Claim Form shall be included on the same document as the Notice, printed below the Notice.

n. "Opt-Out" means a Class Member who has timely and properly filed a request for exclusion during the Opt-Out Period using the process specified in the Settlement Agreement.

o. "Opt-Out Deadline" means the date sixty (60) calendar days after the mailing date of the Notice Packet in the First Mailing.

p. "Opt-Out Period" means the period during which Class Members may exclude themselves from the Settlement Agreement. The conclusion of the Opt-Out Period coincides with the Claim Deadline.

q. "Participation Payment" means a one-time lump sum of Two Thousand Dollars and No Cents ($2,500.00) to the Named Plaintiff, Toni Molina subject to Court approval. The $2,500.00 lump sum is included in the $290,000.00 Settlement Amount.

r.  "Parties" means the Class Members, including the Named Plaintiffs and Defendant, and in the singular refers to either of them, as the context makes apparent.

s.  "Plaintiffs' Counsel" means Wenzel Fenton Cabassa, P.A. and Black Rock Trial Lawyers LLC.

t.  "Released Claims" means any and all claims, obligations, demands, actions, rights, causes of action, and liabilities against the Released Parties arising under the WARN Act only. The WARN Act Settlement is described further by this agreement and by the Notice sent to class members, a sample of which is attached hereto.

u.  "Released Parties" means Defendants Ace Homecare, LLC and BRL Investments, LLC.

v.  "Request for Exclusion" means a request that a Class Member timely and properly submits to the Claims Administrator to be excluded from the Settlement Agreement.

w.  "Settlement Agreement" or "Agreement" means this Agreement, including all of its incorporated exhibits.

x.  "Settlement Amount" is Two Hundred Ninety Thousand Dollars and Zero Cents ($290,000.00) in the form of a stipulated Final Judgment against Defendants in in favor of Plaintiffs.

y.  "Settlement Class" means all Class Members who do not timely and validly exclude themselves from the Settlement Agreement consistent with the procedures for a Request for Exclusion set forth in this Settlement Agreement. This Settlement Class includes qualifying Named Plaintiffs.

z.  "Settlement Class Member" means any individual Class Member who does not timely and validly exclude himself or herself from the Settlement Agreement, consistent

with the procedures set forth in this Agreement. Qualifying Named Plaintiffs individually are Settlement Class Members.

      aa.    "Settlement Payment" means a Claimant's *pro rata* portion of the Settlement Fund to which that Claimant is entitled pursuant to the Settlement Agreement. Settlement Payments shall be made pursuant to the Settlement Class Members formulas set forth in this agreement.

### III. SUBSTANTIVE PROVISIONS

#### A. DUTIES OF THE PARTIES RELATED TO COURT APPROVAL

11.    By February 28, 2018, on behalf of Plaintiffs and all members of the Settlement Class, Plaintiffs and Defendants shall file a Joint Motion for Preliminary Approval of the Settlement Agreement with its exhibits and supporting documents. The Parties shall submit this Settlement Agreement to and shall move the Court for an Order seeking the following:

      a.    Assert jurisdiction over the claims and Parties alleged in Plaintiffs' operative Complaint and the implementation and administration of this Settlement Agreement;

      b.    Grant preliminary approval of the Settlement Agreement set forth in this Agreement as adequate, fair, and reasonable and in the best interest of all Plaintiffs and potential Class Members;

      c.    Appoint Plaintiffs' counsel as the Claims Administrator;

      d.    Schedule the Approval Hearing for final approval of the Settlement Agreement and entry of the Final Order.

12.    Fourteen (14) days prior to the Final Approval hearing, Plaintiffs' Counsel will make a motion for payment of attorneys' fees, expenses, and costs, not to exceed 33 1/3% of the Settlement Amount.

13. Within ten (10) calendar days after the Joint Motion for Preliminary Approval of the Settlement Agreement and its accompanying exhibits are filed with the Court, Defendants shall send notice of the proposed Settlement Agreement to those officials and in a form designated by the CAFA.

14. No later than fourteen (14) calendar days prior to the date of the Approval Hearing, or by such other date as the Court may direct, the Parties shall submit a Motion and proposed Final Order:

    a. Approving the Settlement Agreement, adjudging the terms thereof to be fair, reasonable, and adequate and directing consummation of its terms and provisions;

    b. Approving the Settlement Payments and Participation Payments;

    c. Approving Plaintiffs' Counsel's application for an award of attorneys' fees, expenses, and costs, not to exceed Ninety-Six Thousand Six Hundred and Sixty-Six Dollars and Sixty-Seven Cents ($96,666.67) (the $96,666.67 in fees is included the $290,000.00 Settlement Amount);

    d. Dismissing the WARN portion of this lawsuit with prejudice and permanently barring and enjoining all Settlement Class Members from filing or prosecuting against Ace claims under the WARN Act other than for enforcement of the Final Judgment;

    e. Dismissing without prejudice the claims of any Class Member who submits a timely and valid Request for Exclusion.

**B. ATTORNEYS' FEES, EXPENSES, AND COSTS**

15. Plaintiffs' Counsel will move the Court for an award of attorneys' fees, expenses, and costs negotiated in the settlement of the Action of no more than Ninety Six Thousand Six

Hundred and Sixty Six Dollars and Sixty Seven Cents ($96,666.67). The $96,666.67 in fees in included in the Settlement Amount. Defendant will not oppose this request.

### C. PARTIES' AUTHORITY

16. The signatories hereto hereby represent that, subject to approval of the Court, they are fully authorized to enter into this settlement and Settlement Agreement and to bind the Parties hereto to the terms and conditions of this Settlement Agreement.

### D. MUTUAL FULL COOPERATION

17. The Parties will fully cooperate with each other to accomplish the terms of this Settlement Agreement including, but not limited to, execution of such documents and taking such other action as reasonably may be necessary to implement the terms of this Agreement, such as joint motions for class certification and approval of the Settlement Agreement.

### E. COMMUNICATIONS

18. Unless otherwise specifically provided, all notices, demands, or other communications given under this Settlement Agreement shall be in writing and shall be deemed received on the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

 a. To the Named Plaintiff:

  Brandon J. Hill, Wenzel Fenton Cabassa, P.A.; 1110 North Florida Avenue, Suite 300; Tampa, Florida 33602; telephone (813) 337-7992; facsimile (813) 229-8712; e-mail: bhill@wfclaw.com; and

  Chad Justice; Blackrock Trial Lawyers, LLC 201 S Westland Ave; Tampa, Florida 33606; Telephone (813) 254-1777; facsimile (813) 254-3999; e-mail: chadjustice@blackrocklaw.com.

 b. To the Defendants:

>Stanford R. Solomon; Blake J. Fredrickson, The Solomon Law Group, P.A., 1881 West Kennedy Boulevard; Tampa, FL 33606; Telephone: (813) 225-1818; Facsimile: (813) 225-1050; e-mail: bfredrickson@solomonlaw.com; ssolomon@solomonlaw.com.

19. Unless otherwise specifically provided, all notices, demands, or other communications given under this Settlement Agreement shall be in writing and shall be deemed received on the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

**F.     CONSTRUCTION**

20. The terms and conditions of this Settlement Agreement are the result of lengthy, intensive, arm's-length negotiations between the Parties and the Settlement Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party or his/her or its counsel participated in the drafting of this Agreement.

**G.     EXHIBITS**

21. The attached exhibits are integral parts of this Settlement Agreement and are incorporated by reference into this Settlement Agreement as though fully set forth herein. The exhibits are:

>a. Exhibit B-1: Proposed Judgment;

>b. Exhibit B-2: Notice to Class Members.

**H.     SEVERABILITY**

22. After Final Approval by the Court, if any non-material portion of this Settlement Agreement is held invalid by operation of law, the remaining terms of this Settlement Agreement shall not be affected and shall continue in full force and effect. If the Court does not approve this Settlement Agreement in whole or material part, however, the Parties will attempt, in good faith,

to revise this Settlement Agreement consistent with the intent of the Parties and this Settlement Agreement.

### I.  MODIFICATION

23.  This Settlement Agreement may not be changed, altered, or modified, except in writing and signed by the Parties and approved by the Court. This Settlement Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties and approved by the Court.

### J.  COUNTERPARTS

24.  This Settlement Agreement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original and, when taken together with other signed counterparts, shall constitute one Settlement Agreement. Signatures required by this Settlement Agreement and transmitted by facsimile or e-mail will be deemed originals, except as to a Request for Exclusion by a Class Member. A facsimile, photocopy, or scanned image of this Settlement Agreement, including without limitation counterparts and any signature(s) or other marks thereon, shall be admissible in any judicial, administrative, or other proceeding related to this Settlement Agreement with the same weight and binding effect as an original.

25.  This Settlement Agreement will be deemed executed on the last date of execution by all of the undersigned.

### K.  APPLICABLE LAW

26.  The Settlement Agreement shall be governed by and construed in accordance with Florida law.

_/s/ Molina_
TONI MOLINA, on behalf of herself and all other Class Members

ACE HOMECARE, LLC

Sign: _____

Print: _____

Title: _____

BRL INVESTMENTS, LLC

Sign: _____

Print: _____

Title: _____

_____
TONI MOLINA, on behalf of herself and all other Class Members

ACE HOMECARE, LLC

Sign: _____/CEO_

Print: _Jocelyn L. Barlaan_

Title: _CEO_

BRL INVESTMENTS, LLC

Sign: _____ MANAGER_

Print: _ARTHUR BARLAAN_

Title: _MANAGER_